# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURIZIO ANTONINETTI, et al., <br><br> Plaintiffs, <br> v. <br> CHIPOTLE MEXICAN GRILL, INC., <br><br> Defendant. | Case No. 06cv2671 BTM (WMc) <br><br> **ORDER DENYING MOTION TO REIMPOSE STAY** |

On August 19, 2010, the Court lifted the stay on this case, which had been stayed pending the resolution of a related case, 05-cv-1660, filed by Plaintiff individually, involving similar issues. (Dock. 38) Defendant moves to reimpose the stay. For the following reasons, this motion is **DENIED**.

Defendant originally asserted two grounds to reimpose the stay: (1) because the Ninth Circuit could modify or vacate its Order in response to Defendant's petition for a rehearing and suggestion for rehearing en banc; and (2) because the Ninth Circuit had not yet issued a mandate pursuant to Fed. R. App. P. 41. (Dock. 41) Neither of these grounds are now salient. The Ninth Circuit denied the petition for rehearing and rehearing en banc on September 22, 2010 and filed the mandate on October 14, 2010. Nevertheless, following the issuance of this opinion and mandate, Defendant filed a supplemental memorandum asserting that the stay should be reimposed "until the district court issues its final rulings" on issues that the Ninth Circuit held should be determined on remand. (Dock. 51)

Defendant's supplemental memorandum is not persuasive. In the Joint Motion for Stay, the Parties agreed that a stay was necessary because the Ninth Circuit was to rule on two issues that would be binding on the Court and outcome-determinative: "whether the wall in front of Chipotle's food preparation counters is compliant with the requirements of Title III of the Americans With Disabilities Act. . . , and whether 'Chipotle's Customers With Disabilities Policy' constitutes an equivalent facilitation under ADAAG Sections 2.2 and 7.2(2)(iii)." (Dock. 31) These two issues have now been decided by the Ninth Circuit. Although two of the three issues to be decided on remand (the scope of an injunction against Chipotle and additional damages under the California Disabled Persons Act) may be binding on the Parties in the instant action, at the very least, their resolution will not impact class certification issues. Accordingly, a reimposed stay will not be in the interest of judicial economy.

Thus, the stay shall remain lifted and discovery shall be conducted such that there is no duplication of effort on issues to be determined on remand in the related single-plaintiff case. The Magistrate Judge shall schedule a telephonic status conference. The Parties may discuss their discovery plans at that time.

**IT IS SO ORDERED.**

DATED: October 27, 2010

Honorable Barry Ted Moskowitz
United States District Judge