# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURIZIO ANTONINETTI, et al., <br><br>  Plaintiffs, <br> vs. <br> CHIPOTLE MEXICAN GRILL, INC., <br><br>  Defendant. | CASE NO. 06cv2671-BTM (WMc) <br><br> ORDER RE: PROTECTIVE ORDER |

In this case, Plaintiffs seek transaction information pertaining to all Defendant's stores in California. Specifically, Plaintiffs want from each of Defendant's California stores the aggregate number of the transactions customers conducted by the internet, facsimile or "in store" for the years 2005 to the present. Plaintiffs claim such information is not trade secret and should not the be the subject of protection under Federal Rule of Civil Procedure 26(c). Plaintiff also claims Defendant has waived the right to a protective order and that Plaintiffs have presented an alternative procedure for identifying and using such information rendering a protective order unnecessary. Defendant contends the protective order is necessary to protect its commercial information and to prevent it from being placed at a competitive disadvantage to its competitors. According to Defendant, a protective order is essential to achieve that goal.

## STANDARD

Under Federal Rule of Civil Procedure 26(c)(1) a party "may move for a protective order in the court where the action is pending... [upon a showing of]...good cause." The Rule specifically

acknowledges the right of the requesting party, upon a showing of good cause, to obtain a protective order "requiring that a trade secret, or other confidential research, development or commercial information not be revealed or be revealed only in specified ways...." The burden is on the party seeking a protective order to show good cause therefor. *See Blankenship vs. Hearst Corp., 519 F. 2d 418, 429 (9th Cir. 1975).* The Ninth Circuit Requires a balancing test to determine whether the risk of an inadvertent disclosure to the competitors of the producing party outweighs any impairment to the requesting party's ability to prosecute its case. *Brown Bag Software vs. Symantec Corp., 960 F. 2d 1465, 1470 (9th Cir. 1991).* However, the Ninth Circuit has also recognized trial court has "'broad discretion... to decide when a protective order is appropriate and what degree of protection is required.'" *Phillips vs. Estate of Byrd, 307 F.3d 1206, 1211 (9th Cir. 2002)* (Citation omitted.) In *Phillips* the Ninth Circuit also says the "law...gives district courts broad latitude to grant protective orders to prevent this closure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development or commercial information." *At 1211* (Emphasis in original.) (Citing Federal Rule of Civil Procedure 26(c)(7).).

## ANALYSIS

### Good Cause Exists For A Protective Order

Applying the *Brown Bag* balancing test, and without yet considering the issue of waiver, Defendant has shown good cause for a protective order. It is appropriate to grant a protective order where commercially sensitive information is involved. *Compaq Computer Corp. Vs. Packard Bell Electronics, Inc. 163 F.R.D. 329, 338 (N.D. Cal. 1995).* The court can understand that Defendant competitors might well be interested in knowing the number of its customer transactions for its California locations broken down by internet, facsimile or "in store," especially if that information covers multiple years from which patterns could be determined. There is no evidence chipotle has not taken pains to keep this information confidential. It would be very difficult, if not impossible, for competitors to compile that information through legitimate means. It seems fairly obvious this information would be useful to Chipotle's competitors and that those competitors could use the information that our and chipotle works to Chipotle's competitive

1 disadvantage.  The commercial harm to Defendant could be significant.

2 On the other hand, because Plaintiffs are consumers and not competitors of Chipotle and with a protective order in place, "there is virtually no risk that [Chipotle] 'secret' will be disclosed." *See Trevino vs. ACB American, Inc., 232 F.R.D. 612, 617 (N. D.  Cal. 2006).*  The information Plaintiffs seek can be provided under a protective order in such a way as to protect Chipotle's commercially sensitive information without  impairing plaintiffs' ability to prosecute their case. *See Brown Bag, at 1470.*  Moreover, since plaintiffs are not competitors they have no need for this information except for purposes of the instant litigation.  Therefore, an appropriate protective order would not wrongfully interfere with plaintiffs' ability to prosecute their case.

Plaintiffs have made two suggestions which the court adopts in reference to the proposed protective order.  First, when Defendant produces the information Plaintiffs must randomly provide a number for each store and not disclose the name or address or general location of any of the stores identified in the information provided by Defendant.  In other words, Plaintiffs will anonymously designate each of Defendant's restaurants so that the "per-store" number cannot be attributed to a specific restaurant location.   Alternatively, Defendant may provide the "per-store" information in the aggregate.  For example, "Chipotle had 1000 transactions at its modified stores in California in 2005, etc."[1]

**Chipotle Has Not Waived the Right to Obtain a Protective Order**

Plaintiffs argue Defendant has waived the right to have a protective order "because Chipotle has already disclosed transaction data for at least 2 of its restaurants in San Diego" through the deposition of Defendant employee Matthew Cieslak (Cieslak).[2]   Plaintiffs do not cite any case setting forth a legal basis for their claim of  waiver.  However, plaintiffs did attach as an exhibit to their letter brief a copy of the deposition of Cieslak taken October 26, 2006.

A  review of the Cieslak deposition establishes Plaintiffs' argument is ill-founded for numerous reasons.  First, Cieslak worked at only five Defendant stores.  At the time of his deposition, Cieslak had been working at the Pacific Beach location for only fourteen months and

---

[1]. Plaintiffss' letter brief., pg. 2, January 27, 2011.

[2] *Id., pg. 3*

had not worked at any of the other locations more than 2 consecutive years. Before that he worked at the Hillcrest location from October 2003 through January 2004 and again from May through August 2004. He worked at the La Jolla location for less than one year. He worked at the La Mesa location for five months in 2004. He worked at the Valencia location for ten days in 2006.[3] Given the vastly greater number of Chipotle stores in California, Cieslak's experience in five stores cannot logically constitute a waiver of commercially sensitive information in all the Chipotle stores throughout California. Second, it is clear Cieslak only gave *estimates*, not precise figures, for the 2 or 3 stores on which he provided testimonial information. Third, he clearly testified he could not "speak for other stores specifically." Fourth, he testified the transaction information varies from store to store.[4] Fifth, Cieslak only testified as to "in-store" transactions. He did not testify about internet or fax transactions. Finally, the limited estimates Cieslak provided were not for the entire time period Plaintiffs desire. Indeed, he did not provide his estimates for more than a two year time period – the longest time he had worked at any of the five Chipotle locations identified in his deposition. Therefore, there is factually no adequate basis to establish a waiver regarding the disclosure of *all* transactions for *all* Chipotle stores in California based on the Cieslak deposition.

**Sealing**

Chipotle has requested the court issue an order requiring a sealing order for all documents submitted pursuant to the protective order filed in conjunction with any later motions. However, any such application must be made on a case-by-case basis to the District Judge hearing the motion.

IT IS SO ORDERED.

DATED: March 16, 2011

Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court

---

[3] Cieslak deposition, pgs. 8-13

[4] *Id.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28