# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURIZO ANTONINETTI, on behalf of himself and others similarly situated,<br><br>                                  Plaintiff,<br>  vs.<br><br>CHIPOTLE, INC,, et al.,<br><br>                                  Defendant. | CASE NO. 06cv2671-BTM (WMc)<br><br>ORDER GRANTING IN PART AND DENYING IN PART CHIPOTLE'S MOTION TO COMPEL FURTHER ANSWERS TO REQUEST FOR PRODUCTION NO. 12 |

The general issue before this Court is whether Mr. Antoninetti, the class plaintiff, is an appropriate class representative given his past and present business relationship with class counsel, Ms. Amy Vandeveld, and the brother of class counsel, Mr. Tom Vandeveld, also an attorney. The issue has been presented to the Court in the form of a motion to compel a supplemental answer to Defendant Chipotle's request for production number 12. That request for production seeks "all **Documents** that evidence, discuss, mention, refer to, reflect or **Relate** to the amount of income **You** receive annually as a result of **Your** participation in lawsuits involving state or federal disability laws as an expert." Chipotle contends this information is discoverable because it bears on the adequacy of Mr. Antoninetti as the class plaintiff. Mr. Antoninetti contends this request offends his privacy rights and is also overbroad and burdensome.

Plaintiff's claims arise under the Americans with Disabilities Act (42 U.S.C. §12131, et seq.), along with certain other state law claims for relief. Jurisdiction is properly in this Court pursuant to 28 U.S.C. Sections 1331 and 1343.

## LEGAL STANDARD

Federal Rule of Civil Procedure 23(a)(4) requires "the representative parties will fairly and adequately protect the interests of the class." Further, Federal Rule of Civil Procedure 26(b) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Today, this Court is not tasked with determining whether Mr. Antoninetti is an adequate class representative; District Judge Barry Ted Moskowitz will ultimately make that determination. Rather, this Court will only decide whether Chipotle is entitled to a supplemental response to its request for production number 12 in an attempt to determine the adequacy of Mr. Antoninetti as a class representative.

## ANALYSIS

One of the key cases dealing with determining the adequacy of a class plaintiff is the *Sipper* case. *Sipper v. Capital One Bank*, 2002 WL 398769 (C.D. Cal. 2002). In *Sipper*, there were two motions before the court. *Id*. at 1. The plaintiff, the class representative, brought a motion to certify the class. *Id.* Defendant Capital One opposed the motion for class certification, bringing its own motion to deny the class on the primary ground of allegedly inadequate representation by the class representative and class counsel. *Id*. at 2. Central to Capital One's theory was the business relationship between class representative Ed Sipper and class counsel Barry Kramer. *Id*. at 2.

*Sipper* has come to stand for the following principle: "The existence of a business relationship does not *automatically* preclude class representation." *Id*. at 3 (citing *Macarz vs. Transworld Systems, Inc.,* 193 F.R.D. 46, 52 (D. Conn. 2000)(where the court refused to deny class certification based solely on relationship without indication of collaboration to generate fees)(emphasis in original)). Four factors influenced the court in *Sipper* in determining the class plaintiff was not an adequate representative of class because of his business relationship with class counsel. *Sipper*, at 3. First, Sipper and Kramer "are business partners in a series of real estate deals." *Id*. Second, "according to Sipper, he depends on Kramer for his involvement in these

deals because Kramer supplies the money." *Id.* Third, "not only are Kramer and Sipper business partners, they have been joint defendants in a California lawsuit." *Id.* Fourth, "neither Kramer nor Sipper felt the need to disclose this relationship to the court, his other clients in these matters, or Kramer's co-counsel . . . In previous deposition testimony and interrogatories Sipper danced around questions that would have required revealing his relationship with Kramer. Nor has Kramer come forward with this information on his own. Why?" *Id.*

The *Sipper* court went on to say:

> In sum, the court emphatically disagrees with counsel's relevance argument and is surprised by class counsel's attitude toward a matter of such importance. A central concern of the Rules of Civil Procedure governing class actions is ensuring that the class action format is not hijacked by parties or attorneys to their own ends at the expense of the other class members. Of particular concern, "courts fear that a class representative who is closely associated with the class attorney would allow settlement on terms less favorable to the interest of absent class members."

*Id.* at 4 (citing *Susman vs. Lincoln American Corp.*, 561 F.2d 86, 91 (7th Cir. 1977).

Back to the instant case, Mr. Antoninetti has earned income from an extensive, long-term business relationship with class counsel. Mr. Antoninetti has testified in this case to having worked as an expert or consultant with class counsel in ADA matters approximately 50 times.[1] In that capacity, he charged $120 per hour.[2] He has a similar, though less extensive, relationship with the second class counsel.[3] Mr. Antoninetti worked as an expert with class counsel before the instant lawsuit was filed. He does not currently have any cases with class counsel in which he is serving as a consultant or expert witness. In addition, he may or may not undertake such work with class counsel when the current case has concluded.[4]

Contrary to *Sipper,* Mr. Antoninetti is not an attorney and has not served as co-counsel with either class counsel. However, the inquiry into the business relationship between the class representative and class counsel is not limited to those situations where the class representative is

---

[1]. Deposition of Mr. Antoninetti taken October 4, 2006, pg. 125 [Exhibit 2 to Chipotle's moving papers.]

[2] *Id.* at 281.

[3] *Id.* at 124.

[4] *Id.* at 132.

1  also an attorney.  The relevant inquiry is whether the business relationship between the class
2  representative and class counsel compromises the ability or willingness of the class representative
3  to faithfully advocate for the interests of the class. Under *Sipper*, Chipotle has established
4  sufficient basis under Federal Rule of Civil Procedure 26(b)(1) to conduct additional discovery
5  into the past and present business relationship between Mr. Antoninetti and class counsel in
6  support of its claim that Mr. Antoninetti is not an appropriate class representative.

7  Notwithstanding the above, Chipotle's request for production number 12 is overbroad, as it
8  is unlimited as to time and seeks information not relevant to the business or other relationship
9  between Mr. Antoninetti and class counsel.   However, despite its overbreadth, the request does
10 seek documents relevant to a determination of  Mr. Antoninetti's adequacy as a class
11 representative.  Therefore, some discovery on this subject  is warranted.  **Mr. Antoninetti must**
12 **produce documents showing any and all income he has received from his work as an expert**
13 **or consultant for both class counsel for the period January 1, 1998 through December 6,**
14 **2006, the date the subject complaint was filed**.

15 With respect to Defendant's request for copies of Mr. Antoninetti's tax returns, there is no
16 special privilege related to tax returns in federal court.  Rather, Rule 26 governs the issue of
17 discoverability and relevance is the appropriate standard.  *See Heathman vs. United States District*
18 *Court for the Central District of California*, 503 F.2d 1032,1035 (9th Cir. 1974).  Here, because
19 Chipotle has not shown Mr. Antoninetti's tax returns are relevant or likely to lead to the discovery
20 of admissible evidence, his tax returns are not discoverable.  Chipotle's request is overbroad
21 because Mr. Antoninetti's tax returns will undoubtedly show income received from a variety of
22 other sources not at all relevant to this litigation, as well as deductions, property owned, etc.

23 Finally, Counsel should not interpret, or read into this ruling, any suggestion that this court
24 believes class counsel and the class representative have colluded or  failed to vigorously assert and
25 protect the interests of the class.  Indeed, class counsel and the class representative have
26 vigorously represented the interests of the class.

27 **IT IS SO ORDERED.**
   DATED: April 21, 2011
28
                                                    _____
                                                    Hon. William McCurine, Jr.

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28  

U.S. Magistrate Judge  
United States District Court