# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURIZIO ANTONINETTI, et al., <br><br>  Plaintiff, <br> v. <br> CHIPOTLE MEXICAN GRILL, INC., <br><br>  Defendant. | Case No. 06cv2671-BTM (WMc) <br><br> **ORDER RE MOTION TO STRIKE** |

Defendant's motion to strike portions of the FAC that reference a Ninth Circuit opinion in a related case, *Antoninetti v. Chipotle Mexican Grill, Inc.*, 614 F.3d 971 (9th Cir. 2010), is **DENIED**. Under Fed. R. Civ. P. 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal quotation marks omitted), *overruled on other grounds*, 510 U.S. 517 (1994). Because striking is a "drastic remedy," such motions are disfavored. *Jones v. AIG Risk Mgmt.*, No. C-10-1374 EMC, 2011 U.S. Dist. LEXIS 46823, at *9-10 (N.D. Cal. May 2, 2011).

The Court finds that language referencing the Ninth Circuit opinion in *Antoninetti* is not "immaterial" or otherwise improper and thus **DENIES** the motion to strike. Defendant's argument that this opinion has no preclusive affect on the instant case, *see* Reply at 2-4, will not be considered in a motion to strike. The parties may address the issue of issue

preclusion in a motion for summary judgment after the motion for class certification is decided.

**IT IS SO ORDERED.**

DATED: May 16, 2011

_Barry Ted Moskowitz_
Honorable Barry Ted Moskowitz
United States District Judge