# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURIZO ANTONINETTI, on behalf of himself and others similarly situated,<br><br>　　　　　　　　　　　　　Plaintiff,<br>　vs.<br>CHIPOTLE, INC,, et al.,<br><br>　　　　　　　　　　　　　Defendant. | CASE NO. 06cv2671-BTM (WMc)<br><br>ORDER GRANTING CHIPOTLE'S MOTION TO COMPEL 20 DEPOSITIONS OF PUTATIVE CLASS MEMBERS |

## I.  INTRODUCTION

On April 18, 2011, Plaintiff filed a motion for class certification [Doc. No. 88]. Defendant, Chipotle Mexican Grill, Inc., (Chipotle) has not yet filed an opposition. Chipotle comes before the Court now to seek a discovery order to conduct depositions of individuals identified by Plaintiffs as witnesses who signed declarations as putative class members in support of Plaintiff's class certification motion.

Plaintiff's claims arise under the Americans with Disabilities Act (42 U.S.C. §12131, et seq.), along with certain other state law claims for relief. Jurisdiction is properly in this Court pursuant to 28 U.S.C. Sections 1331 and 1343.

## II. DISCUSSION

　　A.　　*Chipotle's Desired Discovery*

Chipotle desires to conduct "short, one-hour depositions of 20 of the 41 individuals whom Plaintiffs identified as witnesses in their supplemental disclosures, and who then signed

declarations as putative class members in support of Plaintiffs' class certification motion." (Chipotle's Letter Brief). The proposed deponents share two characteristics: (1) they were identified as witnesses in Plaintiff's supplemental disclosures and (2) they signed declarations as putative class members in support of Plaintiff's motion for class certification. At the Court's request, Chipotle submitted sample depositions questions to the Court and Plaintiff. Plaintiff has submitted specific objections to Chipotle's proposed questions.

B.  *Plaintiff's Opposition to the Proposed Discovery*

Plaintiff contends this Court should not grant Chipotle leave to depose unnamed class members because: (1) Chipotle has failed to show the necessity of such discovery, (2) Chipotle has failed to show the relevance of such discovery, and (3) Chipotle's proposed deposition questions are designed to confuse, mislead and discourage class participation.

C.  *Is Discovery of Non-Class Plaintiffs Allowable?*

Courts do not ordinarily permit discovery from absent class members. *McPhail v. First Command Fin. Planning, Inc., 251 F.R.D. 514, 517 (S.D.Cal. 2008); see also Fischer v. Wolfinbarger, 55 F.R.D. 129, 132 (W.D.Ky.1971)* ("It is not intended that members of the class should be treated as if they were parties plaintiff, subject to the normal discovery procedures, because if that were permitted, then the reason [behind Rule 23(a)(1) of the Federal Rules of Civil Procedure] would fail.").

Although Courts do not usually allow discovery from absent class members, the rules pertaining to such discovery are flexible, especially where the proposed deponents have been identified as potential witnesses or have otherwise "injected" themselves into the litigation. *See Mas v. Cumulus Media Inc., 2010 WL 4916402, *3 (N.D.Cal. Nov. 22, 2010) and Moreno v. Autozone 2007 WL 2288165, *1 (N.D.Cal. August 3, 2007) (citations omitted).* Therefore, such discovery may be taken even prior to certification where "the proponent of the deposition demonstrates discovery is not sought to take undue advantage of class members or to harass class members, and is necessary to the trial preparation (or in this instance for preparation of the opposition to class certification)." *Moreno, 2007 WL 2288165 at *1.*

/////

C.   *Analysis*

Chipotle seeks to depose absent class members that have submitted declarations in support of Plaintiff's motion for class certification *and* whom Plaintiff has identified as witnesses in Plaintiff's supplemental disclosures. Thus, the proposed deponents have injected themselves into the litigation on two fronts and cannot claim noninvolvement as a means of avoiding discovery. In addition, the court is satisfied Chipotle is not taking the proposed depositions in order "to take undue advantage of class members or to harass class members." *Moreno, surpa, at *1*. Furthermore, the proposed discovery is clearly relevant to the claims and defenses in the instant case and calculated to lead to the discovery of admissible evidence. *Fed. R. Civ . Proc. 26(b)(1)*.

The Court notes that under certain circumstances depositions of absent class members *could* have a chilling effect on their willingness to be part of the class. *Tierno vs. Rite Aid, 2008 WL 2705089, *3, fn. 2 (N.D.Cal. July 8, 2008) (Italics added).* However, that concern has little impact in this case for several reasons. *First,* the proposed deponents are not employees of Chipotle; rather, they are customers. Therefore, they are not under the pressure employees would face being deposed by their employer. Chipotle cannot directly or impliedly threaten the putative class members with loss or reduction of employment or some other adverse action affecting the work environment. Indeed, a case can be made that Chipotle is more dependent on the putative class members than they are dependent on Chipotle. In fact, part of Chipotle's motivation is to maintain or restore its corporate image with the demographic represented by the putative class members. *Second,* an employer would have had ample opportunity to question the prospective class member employees. However, in this case, the most effective way for Chipotle to question these particular putative class members is by deposition. *Third,* because the non-employee putative class members have submitted declarations in support of Plaintiff's motion for class certification, their expectation of noninvolvement in the litigation is significantly less than the expectation of putative class members who have not affirmatively injected themselves into the litigation. *Fourth,*  each deposition is limited to one hour and is appropriately focused. Furthermore, Chipotle has submitted its proposed questions in advance to the Court, thereby substantially reducing the likelihood of abuse. *Please See Addendum A.*

The court finds the *Mas* and *Moreno* cases persuasive. Chipotle is allowed to take the depositions of 20 of the potential class members who have submitted declarations in support of plaintiffs motion for class certification with the following limitations:

    a.    Each deposition is limited to one hour actual running time. Colloquy between counsel does not count toward the one hour limitation.

    b.    Each deposition must be videotaped, unless the deposition proceeds by telephone, in which case videotaping will not be necessary. Depositions by telephone must be audiotaped.

    c.    Chipotle will bear the full cost of taking and videotaping and audiotaping the depositions.

    d.    The depositions must be reasonably noticed. Notices of deposition must be personally served on plaintiff's counsel at least 10 days before any proposed deposition, unless there is written agreement to shorten the time.

    e.    If one party believes the other party is acting inappropriately at the deposition, the Court will review the videotapes and/or audiotapes of the contested depositions after all the depositions have been completed. The Court will consider an award of sanctions after the Court's review of the depositions.

    f.    Chipotle can only depose those potential class members who have submitted declarations in support of plaintiffs motion for class certification ***and who have also*** been identified by Plaintiff as witnesses in his initial disclosures.

*Should Chipotle be allowed to ask the deponents whether Ms. Vandeveld has instructed them not to speak with Chipotle's representatives?*

There is no need for Chipotle to ask questions designed to, or which have the effect of, invading the attorney-client or work product privileges that may obtain in order to discover the

/////
/////
/////
/////

1  information Chipotle represented to the Court it needs to oppose Plaintiff's representations
2  regarding numerosity in Plaintiff's motion for class certification.  Chipotle can accomplish his
3  goals without invading the privileges.  Therefore, Chipotle needs to phrase its questions so as to
4  avoid invading these privileges.

5     Addendum A provides the Court's rulings on the specific deposition questions Chipotle
6  seeks to ask.

7  **IT IS SO ORDERED.**

8  DATED: May 23, 2011

*[signature]*

9  Hon. William McCurine, Jr.
   U.S. Magistrate Judge
10 United States District Court

Addendum A

**Chipotle Objections Table**

| QUESTION | OBJECTION | RULING |
|---|---|---|
| **VERACITY OF STATEMENTS RE VISITS TO CHIPOTLE** | | |
| Before learning that Plaintiffs in this case were looking for people to sign declarations, had you ever visited a Chipotle restaurant? | None | Does not apply |
| When did you first visit Chipotle? | None | Does not apply |
| Where? | None | Does not apply |
| Were you able to see your food being prepared on that initial visit? | None | Does not apply |
| Do you have a favorite order at Chipotle that you usually get, or does your order change from visit to visit? | This question is misleading since it implies that there are "usual" orders. Orders are customized. It is also irrelevant. | Overruled. The question is relevant and appears reasonably calculated to lead to the discovery of admissible evidence. |
| Have you ever placed a Chipotle order by fax or online? | This question is misleading since it implies that access could have been satisfied by fax or online orders. It is also irrelevant because the issue in this case is in-store ordering. | Overruled. The question is relevant and appears reasonably calculated to lead to the discovery of admissible evidence. |
| Which Chipotle restaurants have you visited? | none | Does not apply |
| Were you able to see your food prepared at any of those locations? | None | Does not apply |
| When was the last time you ordered food at a Chipotle restaurant? | None | Does not apply |
| Were you able to see your food prepared on that most recent visit? | None | Does not apply |

| | | |
|---|---|---|
| What is your understanding of what you meant when you said in your declaration, "I would like the same opportunity to see the food on display and the preparation of my order as is given to other Chipotle customers who are able to stand and who can see over the high walls"? | ABUSIVE, MISLEADING, CONFUSING, TAKES UNDUE ADVANTAGE OF ABSENT CLASS MEMBER. This is a perfect example of how a question can seem innocuous to attorneys, but is misleading to lay witnesses. The declarants, in signing their declarations, simply attest to the truth of the statements in the declarations. The witnesses did not draft the declarations but, no matter how this question is answered, it is likely that Mr. Sugden will use the response against the witness, just as he did with one deponent, Mr. Ott, who Mr. Sugden accused of "lying under oath" in Mr. Sugden's May 6, 2011 letter to Plaintiffs' counsel. When Mr. Ott was asked if he had written language in the declaration, Mr. Ott, an unsophisticated lay person, said yes, meaning that he had provided the information contained in the declaration. Mr. Ott has is now being portrayed by Mr. Sugden as claiming to have drafted the actual pleading, when Mr. Ott only meant to convey that he written the information contained in the declaration, not the declaration itself.<br><br>This question also suggests that there is some other answer than the obvious, which is confusing and misleading. | Overruled. The question is relevant and appears reasonably calculated to lead to the discovery of admissible evidence. |
| **HOW WITNESS CAME TO SIGN THE DECLARATION** | | |
| What is your understanding of what you meant when you said in your declaration, "I could not see the food on display or the preparation of my entrees"? | ABUSIVE, MISLEADING, CONFUSING, TAKES UNDUE ADVANTAGE OF ABSENT CLASS MEMBER, CALLS FOR A LEGAL OPINION FROM LAY WITNESS. See objections to previous question | Overruled. The question is relevant and appears reasonably calculated to lead to the discovery of admissible evidence. |

| | | |
|---|---|---|
| Other than any private conversations between you and Ms. Vandeveld's office, were there any other ways that you learned that this lawsuit existed? | VIOLATES RIGHT OF FREEDOM OF ASSOCIATION; RIGHT OF PRIVACY. Seeks information from unnamed class members about private conversations they may have had with other class members, which discourages participation in the lawsuit. The answer to this question is also IRRELEVANT to any issue in the case and can only have a chilling affect on the unnamed class members. What difference does it make how the declarant learned of the lawsuit, other than to give Chipotle leads to other class members that it can investigate and interrogate? | Overruled. The question is relevant and appears reasonably calculated to lead to the discovery of admissible evidence. |
| Other than any private conversations between you and Ms. Vandeveld's office, were there any other ways that you learned that the Plaintiffs in this case were looking for people to sign declarations for them? | VIOLATES RIGHT OF FREEDOM OF ASSOCIATION; RIGHT OF PRIVACY. Seeks information from unnamed class members about private conversations they may have had with other class members, which discourages participation in the lawsuit. The answer to this question is also IRRELEVANT to any issue in the case and can only have a chilling affect on the unnamed class members. What difference does it make how the declarant learned of the lawsuit or the request for declarations, other than to give Chipotle leads to other class members that it can investigate and interrogate? | Overruled. The question is relevant and appears reasonably calculated to lead to the discovery of admissible evidence. |

| | | |
|---|---|---|
| Reasonable follow-up, such as: [If they learned through an Internet posting] What do you remember reading on the Internet about the need for declarations in this case? | VIOLATES RIGHT OF FREEDOM OF ASSOCIATION; RIGHT OF PRIVACY. Seeks information from unnamed class members about private conversations they may have had with other class members, which discourages participation in the lawsuit. The answer to this question is irrelevant to any issue in the case and can only have a chilling affect on the unnamed class members. What difference does it make how the declarant learned of the lawsuit and/or the need for declarations, other than to give Chipotle leads to other class members that it can investigate and interrogate? | Overruled. The question is relevant and appears reasonably calculated to lead to the discovery of admissible evidence. |
| [If they learned through a discussion with a friend] What do you remember about the discussion? | Same objections as to previous question. | Overruled. The question is relevant and appears reasonably calculated to lead to the discovery of admissible evidence. |
| **QUESTIONS RE SUBJECT MATTER OF ONLINE POSTINGS:** | | |
| (privilege, if affected by the witness' answer, was waived as to these subject matters) | **There is no waiver of a right to privacy by someone anonymously posting a communication online.** | Sustained. There is no evidence of waiver of any privilege. |
| Did anyone ever tell you that people in wheelchairs cannot see their food prepared at Chipotle restaurants? | IRRELEVANT, ATTORNEY-CLIENT PRIVILEGE/ATTORNEY WORK PRODUCT PRIVILEGE VIOLATION. VIOLATES RIGHT OF FREEDOM OF ASSOCIATION; RIGHT OF PRIVACY. Seeks information from unnamed class members about private conversations they may have had with other class members, which discourages participation in the lawsuit. The answer to this question is irrelevant to any issue in the case and can only have a chilling affect on the unnamed class members. | Overruled. The question is relevant and appears reasonably calculated to lead to the discovery of admissible evidence. |

| | | |
|---|---|---|
| Reasonable follow-up, such as, who, when, whether they referred to a particular Chipotle location or implied that persons in wheelchairs cannot see the food preparation at any Chipotle location. | Same objections as to previous question. | Overruled.  The question is relevant and appears reasonably calculated to lead to the discovery of admissible evidence. |
| Did anyone ever tell you that Chipotle customers in wheelchairs see only the wall built in front of the food preparation counters? | Same objections as to previous question. | Overruled.  The question is relevant and appears reasonably calculated to lead to the discovery of admissible evidence. |
| Reasonable follow-up, such as, who, when, whether they referred to a particular Chipotle location or implied that persons in wheelchairs cannot see the food preparation at any Chipotle location. | Same objections as to previous question. | Overruled.  The question is relevant and appears reasonably calculated to lead to the discovery of admissible evidence. |
| Did anyone ever tell you that "Chipotle has a similar design in all its restaurants"? | Same objections as to previous question. | Overruled.  The question is relevant and appears reasonably calculated to lead to the discovery of admissible evidence. |
| Reasonable follow-up, such as who, when, any basis for thinking all locations would be the same. | Same objections as to previous question.  The answer to this question is irrelevant to any issue in this case. | Overruled.  The question is relevant and appears reasonably calculated to lead to the discovery of admissible evidence. |
| Did anyone ever tell you that Chipotle cares more about décor than about people in wheelchairs? | Same objections as to previous question. | Overruled.  The question is relevant and appears reasonably calculated to lead to the discovery of admissible evidence. |
| Reasonable follow-up, such as who, when, what witness believed that to mean. | Same objections as to previous question. | Overruled.  The question is relevant and appears reasonably calculated to lead to the discovery of admissible evidence. |

| | | |
|---|---|---|
| Did anyone ever tell you that the lawsuit needs to be "certified" in order to make Chipotle fix its restaurants? (i.e., lower the wall at its restaurants) | IRRELEVANT, ATTORNEY-CLIENT PRIVILEGE/ATTORNEY WORK PRODUCT PRIVILEGE VIOLATION, RIGHT TO FREEDOM OF ASSOCIATION, RIGHT TO PRIVACY, ABUSIVE, MISLEADING,CONFUSING, TAKES UNDUE ADVANTAGE OF ABSENT CLASS MEMBER LAY WITNESS. | Overruled. The question is relevant and appears reasonably calculated to lead to the discovery of admissible evidence. |
| Reasonable follow-up, such as who, when, what witness believed that to mean. | Same objections as to previous question. This is another witch hunt into the identity of other class members with whom the witness may have privately discussed the case. There is no purpose to this questioning, other than to chill the participation of class members, since any answer to the question will have no bearing on any issue in this case. | Overruled. The question is relevant and appears reasonably calculated to lead to the discovery of admissible evidence. |
| Did anyone ever tell you that Amy Vandeveld needs 50 declarations from individuals in wheelchairs who had visited Chipotle and were unable to see their food being prepared due to a high wall in front of the food preparation counter? | Same objections as to previous question. This is another witch hunt into the identity of other class members with whom the witness may have privately discussed the case. There is no purpose to this questioning, other than to chill the participation of class members, since any answer to the question will have no bearing on any issue in this case. | Overruled. The question is relevant and appears reasonably calculated to lead to the discovery of admissible evidence. |
| Reasonable follow-up, such as who, when, what witness believed that to mean. | Same objections as to previous question. This is another witch hunt into the identity of other class members with whom the witness may have privately discussed the case. There is no purpose to this questioning, other than to chill the participation of class members, since any answer to the question will have no bearing on any issue in this case. | Overruled. The question is relevant and appears reasonably calculated to lead to the discovery of admissible evidence. |

| | | |
|---|---|---|
| Did anyone ever tell you addresses for specific Chipotle stores to visit? | Same objections as to previous question. This is another witch hunt into the identity of other class members with whom the witness may have privately discussed the case. There is no purpose to this questioning, other than to chill the participation of class members, since any answer to the question will have no bearing on any issue in this case. | Overruled. The question is relevant and appears reasonably calculated to lead to the discovery of admissible evidence. |
| Reasonable follow-up, such as who, when, which stores, and if witness knows whether any other witnesses were told to go to certain restaurant locations. | Same objections as to previous question. This is another witch hunt into the identity of other class members with whom the witness may have privately discussed the case. There is no purpose to this questioning, other than to chill the participation of class members, since any answer to the question will have no bearing on any issue in this case. | Overruled. The question is relevant and appears reasonably calculated to lead to the discovery of admissible evidence. |
| Did you ever fill out a claim form about your visits to Chipotle? | Same objections as to previous question. This is another witch hunt into the identity of other class members with whom the witness may have privately discussed the case. There is no purpose to this questioning, other than to chill the participation of class members, since any answer to the question will have no bearing on any issue in this case. | Overruled. The question is relevant and appears reasonably calculated to lead to the discovery of admissible evidence. |
| Reasonable follow-up, such as when, why. Did you fill out a claim form because it is important to you to collect money damages? | ATTORNEY-CLIENT PRIVILEGE/ATTORNEY WORK PRODUCT PRIVILEGE VIOLATION, ABUSIVE, MISLEADING,CONFUSING, TAKES UNDUE ADVANTAGE OF ABSENT CLASS MEMBER LAY WITNESS, IRRELEVANT. | Sustained in part to the extent the qeustioning seeks any information class counsel may have given the witness as a potential client or in attorney client consultation. |
| **WITNESS' UNDERSTANDING OF THE PURPOSE OF THE LAWSUIT** | | |

| Question | Objection | Ruling |
|---|---|---|
| What is your understanding of the purpose of this lawsuit? | MISLEADING, CONFUSING, TAKES UNDUE ADVANTAGE OF ABSENT CLASS MEMBER, CALLS FOR A LEGAL OPINION FROM LAY WITNESS, IRRELEVANT. The witness' understanding of the lawsuit has no bearing on any issue in this case. If the witness believed the purpose of the lawsuit was to elect Mr. Sugden president, that would not change the number of people in wheelchairs in California and the fact that high walls at Chipotle's restaurants denied those people equal access to the Chipotle experience. | Overruled. The question is relevant and appears reasonably calculated to lead to the discovery of admissible evidence. |
| At the time that you signed the declaration, what was your understanding of the purpose of this lawsuit? | See previous objections. | Overruled. The question is relevant and appears reasonably calculated to lead to the discovery of admissible evidence. |
| If you knew that Chipotle had already torn out all the higher walls and built new, lower walls at all its restaurants in California, would you think that a class action lawsuit is still necessary? | MISLEADING, CONFUSING, TAKES UNDUE ADVANTAGE OF ABSENT CLASS MEMBER, CALLS FOR A LEGAL OPINION FROM LAY WITNESS. What difference does this make? It calls for information irrelevant to any issue in this case and implies that the witness may be participating in a "frivolous" lawsuit, even though Chipotle still contends its walls do not violate the ADA. It is intended to chill participation the suit and to reduce claims. | Overruled. The question is relevant and appears reasonably calculated to lead to the discovery of admissible evidence. |
| If Chipotle made a signed statement to the court that it had removed all the higher walls and that it would keep the walls low, would you still think that a class action lawsuit is necessary? | MISLEADING, CONFUSING, TAKES UNDUE ADVANTAGE OF ABSENT CLASS MEMBER, CALLS FOR A LEGAL OPINION FROM LAY WITNESS. See prior objections, as well. | Sustained on the ground the question is an inappropriate hypothetical. |
| Do you have any reason to think that Chipotle plans to again rip out the walls and replace them with higher walls? | MISLEADING, CONFUSING, TAKES UNDUE ADVANTAGE OF ABSENT CLASS MEMBER, CALLS FOR A LEGAL OPINION FROM LAY WITNESS. See prior objections, as well. What a lay witness thinks is irrelevant to whether an injunction is necessary, since Chipotle still contends the walls do not violate the ADA. | Overruled. The question is relevant and appears reasonably calculated to lead to the discovery of admissible evidence. |

| WITNESS' UNDERSTANDING OF THE PURPOSE OF THE DECLARATION | | |
|---|---|---|
| When you signed the declaration, did you think that the declaration was necessary to help make Chipotle lower the walls in front of its food preparation counters? | MISLEADING, CONFUSING, TAKES UNDUE ADVANTAGE OF ABSENT CLASS MEMBER, CALLS FOR A LEGAL OPINION FROM LAY WITNESS. See prior objections, as well. | Overruled.  The question is relevant and appears reasonably calculated to lead to the discovery of admissible evidence. |
| Did you sign the declaration because you thought it was important to be able to collect money damages for yourself? | ABUSIVE, MISLEADING, CONFUSING, TAKES UNDUE ADVANTAGE OF ABSENT CLASS MEMBER, CALLS FOR A LEGAL OPINION FROM LAY WITNESS because it implies that the declaration had to be signed in order for the class member to recover damages. | Overruled.  The question is relevant and appears reasonably calculated to lead to the discovery of admissible evidence. |
| When you signed the declaration, were you aware that the walls had already been lowered at all California Chipotle restaurants? | MISLEADING, CONFUSING, TAKES UNDUE ADVANTAGE OF ABSENT CLASS MEMBER, ASSUMES FACTS NOT IN EVIDENCE.  Irrelevant and misleads the witness into thinking that, even if the walls had been lowered, there was no other basis for the instant lawsuit. | Sustained; assumes facts not in evidence. |
| If you had known, at the time you signed the declaration, that Chipotle had already lowered the walls at all California Chipotle restaurants, would you still have signed the declaration? | MISLEADING, CONFUSING, TAKES UNDUE ADVANTAGE OF ABSENT CLASS MEMBER, ASSUMES FACTS NOT IN EVIDENCE.  Irrelevant and misleads the witness into thinking that, even if the walls had been lowered, there was no other basis for the instant lawsuit. | Overruled.  The question is relevant and appears reasonably calculated to lead to the discovery of admissible evidence. |
| Did you sign the declaration in order to collect money? | VAGUE AND AMBIGUOUS, ABUSIVE, MISLEADING, CONFUSING, TAKES UNDUE ADVANTAGE OF ABSENT CLASS MEMBER, CALLS FOR A LEGAL OPINION FROM LAY WITNESS. | Overruled.  The question is relevant and appears reasonably calculated to lead to the discovery of admissible evidence. |

| | | |
|---|---|---|
| Were you given or promised anything in return for signing the declaration? | VAGUE AND AMBIGUOUS, ABUSIVE, MISLEADING, CONFUSING, TAKES UNDUE ADVANTAGE OF ABSENT CLASS MEMBER | Overruled. The question is relevant and appears reasonably calculated to lead to the discovery of admissible evidence. |
| Did you expect anything in return for signing the declaration? | VAGUE AND AMBIGUOUS, ABUSIVE, MISLEADING, CONFUSING, TAKES UNDUE ADVANTAGE OF ABSENT CLASS MEMBER, CALLS FOR A LEGAL OPINION FROM LAY WITNESS | Overruled. The question is relevant and appears reasonably calculated to lead to the discovery of admissible evidence. |
| When you signed the declaration, was it your understanding that Plaintiffs' counsel was your attorney? | MISLEADING, CONFUSING, TAKES UNDUE ADVANTAGE OF ABSENT CLASS MEMBER, CALLS FOR A LEGAL OPINION FROM LAY WITNESS. The attorney-client privilege can apply to communications even if a person has not formally retained an attorney. | Sustained; calls for a legal conclusion by the witness and invades the attorney-client relationship. In addition, the question is not relevant and does not appear reasonably calculated to lead to the discovery of admissible evidence. |
| Do you currently believe that Plaintiffs' counsel is your attorney? | MISLEADING, CONFUSING, TAKES UNDUE ADVANTAGE OF ABSENT CLASS MEMBER, CALLS FOR A LEGAL OPINION FROM LAY WITNESS. The attorney-client privilege can apply to communications even if a person has not formally retained an attorney. | Sustained; calls for a legal conclusion by the witness and invades the attorney-client relationship. In addition, the question is not relevant and does not appear reasonably calculated to lead to the discovery of admissible evidence. |