# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| MAURIZIO ANTONINETTI, et al., | Case No. 06cv2671-BTM (WMc) |
|---|---|
| Plaintiffs, | **ORDER RE MOTION TO SUBSTITUTE** |
| v. | |
| CHIPOTLE MEXICAN GRILL, INC., et al., | |
| Defendants. | |

Jay Rifkin's motion to be substituted as Plaintiff in this matter in place of his deceased father, Michael Rifkind, is **GRANTED**. Defendants do not contest that Mr. Rifkin has met the procedural requirements for a Fed. R. Civ. P. 25(a)(1) substitution, but instead argue that the motion should be denied because (1) Mr. Rifkin's declaration of successor in interest does not comply with Cal. Code Civ. P. § 377.32; and (2) Mr. Rifkind cannot serve as a representative plaintiff because he cannot pursue an ADA claim. Neither position has merit.

Assuming, *arguendo*, that a defect in a § 377.32 declaration requires denial of a motion to substitute[1], Defendants first argument still fails, as Mr. Rifkind has now complied with the statutory requirements of § 377.32. Defendants assert that Mr. Rifkind's declaration is deficient because he "does not attach the final order of administration of the estate." However, attachment of this order is only required when the decedent's estate was

---

[1] This assumption is likely incorrect. *See Torres v. Bayer Corp. (In re Baycol Prods. Litig.)*, 616 F.3d 778, 788 (8th Cir. 2010).

administered. § 377.32(a)(4). Here, Mr. Rifkind declares that there was no such administration and that all assets were transferred to him "by operation of law or by the laws of intestacy." (Rifkind Supp. Decl. ¶ 6). Additionally, while his original declaration did not include a death certificate, Mr. Rifkind cured this deficiency by attaching a death certificate to his supplemental declaration.

Defendants' second argument does not confer a basis for denying a motion to substitute. If Defendants believe that Mr. Rifkind's inability to assert an ADA claim violates the typicality requirement of Fed. R. Civ. P. 23(a)(3), they may so argue in response to Plaintiffs' motion for class certification, which is scheduled to be heard on July 15, 2011.

**IT IS SO ORDERED.**

DATED: May 26, 2011

Honorable Barry Ted Moskowitz
United States District Judge