# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURIZIO ANTONINETTI, JEAN RIKER, JAMES PERKINS, KAREN FRIEDMAN and MICHAEL RIFKIN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHIPOTLE MEXICAN GRILL, INC., a Colorado Corporation and DOES 1-10,<br><br>Defendants. | Case No. 06cv2671 BTM(WMc)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION AND GRANTING IN PART MOTION FOR CLARIFICATION** |

Plaintiffs have filed a motion for reconsideration and/or clarification of the Court's Order Denying Plaintiff's Motion to Certify Class, Appointment of Class Representatives and Appointment of Class Counsel ("Order") (Doc. No. 145). For the reasons discussed below, the Court denies the motion for reconsideration but grants in part Plaintiffs' motion for clarification.

### DISCUSSION

**A. Class Certification**

Previously, the Court denied class certification. The Court held that class certification was not authorized under Rule 23(b)(2) because Plaintiffs' claims for injunctive relief and

corresponding declaratory relief were moot. The Court further held that certification was not proper under Rule 23(b)(3) because individual issues regarding liability for damages would predominate, and a class action would not be superior to other available methods for fairly and efficiently adjudicating the controversy before the Court. In their motion for reconsideration, Plaintiffs argue that certification with respect to the claims for declaratory relief and damages is appropriate under Rule 23(b)(3), or, in the alternative, that the Court should certify the class for declaratory relief only under Rule 23(c)(4).

In its Order, the Court reasoned that Plaintiffs' claim for injunctive relief and declaratory relief were moot based on the fact that Defendant has remedied the architectural barrier at issue in this litigation (a high counter wall) and the Ninth Circuit has already decided that the high counter walls violated the ADA Guidelines. See Antoninetti v. Chipotle Mexican Grill, Inc., 643 F.3d 1165, 1172 (9th Cir. 2010). Plaintiffs argue that declaratory relief is necessary because Chipotle allegedly denies the preclusive effect of the Ninth Circuit decision, and district courts have *discretion* whether to apply offensive non-mutual collateral estoppel. See Appling v. State Farm Mut. Auto Ins., 340 F.3d 769, 775 (9th Cir. 2003).

The discretionary nature of offensive non-mutual collateral estoppel would lend support to Plaintiffs' argument regarding the necessity of declaratory relief if the prior ruling were by another district court. Here, however, the Ninth Circuit Court of Appeals issued a *published decision* holding that Chipotle's 45-inch high counter walls did not comply with Guideline § 7.2, and therefore violated the ADA. A published decision by the Ninth Circuit Court of Appeals constitutes "binding authority which 'must be followed unless and until overruled by a body competent to do so." Gonzalez v. Arizona, 677 F.3d 383, 390 n. 4 (9th Cir 2012) (en banc) (quoting Hart v. Massanari, 266 F.3d 1155, 1170 (9th Cir. 2001)). "A district judge may not respectfully (or disrespectfully) disagree with his learned colleagues on his own court of appeals who have ruled on a controlling legal issue . . . ." Hart, 266 F.3d at 1170.

District courts in California are not likely to deviate from the Ninth Circuit's holding

that Chipotle's high counter walls violated the Guidelines. Therefore, declaratory relief is not necessary.

In the Order, the Court held that certification under Rule 23(b)(3) was improper because individual issues regarding liability for damages would predominate. The Court explained:

> It requires each class member to establish which Chipotle restaurant he visited, when he visited it, and whether he traveled the food service line – all as to each particular occasion for which that class member seeks damages. Moreover, the mere fact that an individual in the food service line used a wheelchair for mobility does not mean that the high counter walls necessarily blocked that individual's view of the food preparation area. . . . Accordingly, for each particular occasion, the class member must establish that he was actually unable to see his food prepared, which in turn will require at least proof of how high the counter wall was at the time of the visit (Plaintiffs have alleged only that the high counter walls were "approximately" 46 inches high (FAC ¶ 2)), and how high the class member sat in his wheelchair at the relevant time.

(Order Denying Class Certification at 10:1-5.)

Plaintiffs argue that the Ninth Circuit has already determined that the "average eye level of persons in wheelchairs is 43 to 51 inches above the restaurant floor and that, at a distance of 12 inches from the wall, a person at any height within that average range cannot see the food preparation counter or the food on display there." (Mem. of P. & A. in Support of Motion for Reconsideration at 11:2-5.) Therefore, Plaintiffs argue, all that would be left to prove on an individual basis is whether the class member uses a wheelchair or scooter, whether he visited a non-compliant location during the relevant time period, and whether the wall interfered with his view of the food on display or the making of his order while normally seated. (Id. at 11:6-10.)

However, the Ninth Circuit did not "determine" that the average eye level of persons in wheelchairs is 43 to 51 inches and that at a distance of 12 inches from the wall, a person within that range of height would not be able to see the food preparation counter or the food on display. The Ninth Circuit stated that the parties *stipulated* to these facts. Antoninetti, 643 F.3d at 1170. Generally, stipulated facts, which are not actually litigated in an action, are not given preclusive effect unless the parties have manifested an intention that the stipulation be binding in subsequent actions. Sekaquaptewa v. MacDonald, 575 F.2d 239,

247 (9th Cir. 1978).[1]

Even setting aside the issue of the stipulated facts, individual issues predominate for the reasons set forth in the Court's Order Denying Class Certification. To establish liability for damages, the individual would need to establish which Chipotle restaurant he visited, the dates of the visits, that he visited to purchase food and/or have the "Chipotle experience," the counter wall was noncompliant at the time of the visit(s), that he entered the food line, that he was unable to see the food arranged on the food counter or the preparation of his order (whether proved by stipulated facts or otherwise), and that he would have been able to see the food prepared or on display if the wall were 36 inches. Questions of law or fact common to potential class members do not predominate over the factual questions affecting only individual members.

Furthermore, as explained in the Court's Order, a class action would not be superior to individual actions. Because the Unruh Act allows minimum statutory damages in the amount of $4,000 for each particular occasion in addition to attorney's fees and costs to the prevailing party, plaintiffs and their attorneys have plenty of incentive to pursue individual lawsuits. See, e.g., Castano v. The American Tobacco Co., 84 F.3d 734, 748 (5th Cir. 1996) ("The expense of litigation does not necessarily turn this case into a negative value suit, in part because the prevailing party may recover attorneys' fees under many consumer protection statutes."); Mayo v. Sears, Roebuck & Co., 148 F.R.D. 576, 583 (S.D. Ohio 1993) (concluding that the grant of attorney's fees for individual actions brought for rescission under 15 U.S.C. § 1635 is somewhat inconsistent with Rule 23(b)(3)'s superiority requirement).

The Court did not err in denying class certification with respect to Plaintiffs' declaratory relief claim or Plaintiffs' claim for damages. Therefore, Plaintiffs' motion for reconsideration is denied.

---

[1] There was arguably a judicial admission to these facts as a result of Chipotle's admission of the facts in a pretrial order entered in the district court case. However, judicial admissions are not conclusive and binding in separate and subsequent litigation. State Farm Mutual Auto. Ins. Co. v. Worthington, 405 F.2d 683, 686 (8th Cir. 1968). The Court does not decide whether the admission would be admissible in this case.

B. <u>Motion for Clarification</u>

Plaintiffs claim that clarification is needed as to a variety of issues raised by the Court's Order. The Court will address each of Plaintiffs' points in turn.

On page 10 of the Court's Order, the Court states, "Accordingly, for each particular occasion, the class member must establish that he was actually unable to see his food prepared . . . ." Plaintiffs point out that the proper test, as set forth by the Ninth Circuit, is whether the individual was denied the Chipotle experience because he was "unable to see *the food arranged on the food counter* **or** the preparation of his order, as non-wheelchair-bound customers could do." <u>Antoninetti</u>, 643 F.3d at 1177 (emphasis added). Although the Court quoted this language on page 9, the Court failed to repeat on page 10 that Chipotle may be liable for damages if a high counter wall impedes the ability of an individual to see the different foods arranged on the counter even if he can see his food being prepared. To the extent this omission caused confusion, the Court clarifies that liability for damages may be based on interference with an individual's ability to see the preparation of his order **or** see the different foods arranged on the counter.

Plaintiffs also argue that the language used by the Court on pages 9-10 of the Order can be construed as requiring a complete inability to see the food on the counter and/or the preparation of the order. In using the phrase "unable to see," the Court was not and is not suggesting a requirement that the plaintiff's view be completely blocked or that there is no liability if the plaintiff can see by straining to lift himself out of his wheelchair or scooter. However, the Court does not decide at this time how much of the view must be blocked to constitute sufficient interference to establish liability for damages.

Plaintiffs also take issue with the Court's statement that individual plaintiffs will need to prove the actual height of the counter walls and how high they sat in their wheelchairs. According to Plaintiffs, if an individual could not fully and equally enjoy the 'Chipotle experience' because of the presence of the wall, the wall interfered with equal access, regardless of the height of the person's eyes or exactly how much higher than 36 inches the wall was. It seems that questions regarding the level of Plaintiffs' eyes when seated in their

wheelchairs or scooters and the height of the walls at issue will likely come into play when litigating the issue of whether the Plaintiffs' view of the food counter was actually impeded. However, the Court did not mean to imply that establishing the height of Plaintiffs' eyes and the actual height of the walls is the only way Plaintiffs can prove their case.

With respect to the height of walls that have been destroyed during the course of this litigation, Plaintiffs argue that Defendant should be subject to an adverse inference instruction as to the height of the walls as an evidentiary sanction. The Court need not reach this evidentiary issue at this time.[2]

Finally, Plaintiffs request that the Court modify its Order to recognize claims for deterrence damages. The Court's Order did not address the issue of deterrence damages and did not rule that such damages were unavailable. Given that the issue before the Court is class certification, the Court declines to delve into when deterrence damages are available and what must be proved to obtain them.

## CONCLUSION

For the reasons discussed above, Plaintiffs' motion for reconsideration is **DENIED** and Plaintiffs' motion for clarification is **GRANTED IN PART** as set forth above. The Court denies Defendant's request that the Court issue an order to show cause why Plaintiffs should not be sanctioned. The trial in this case shall commence on **July 8, 2013 at 10:00 a.m.** The parties shall contact Judge McCurine's Chambers to set all remaining pretrial dates.

**IT IS SO ORDERED.**

DATED: January 14, 2013

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court

---

[2] According to Plaintiffs, Defendant does not dispute that the high walls were all built in accordance with a common design and were approximately 46 inches high. If Plaintiffs can prove that a particular wall was built in conformity with this common design, it may not be necessary for Plaintiffs to prove precise height to the millimeter.